UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
ARELIS ARAUJO et al.,                                       :
                               Plaintiffs,                  :
                                                            :         20 Civ. 7032
              -against-                                     :
                                                            :           ORDER
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION,                                                  :
                               Defendant.                   :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, familiarity with the background of this case is assumed.

WHEREAS, the September 24, 2020, Order (the "PI Order") granted and denied in part Plaintiffs' motion for a temporary restraining order and preliminary injunction under the Individuals with Disabilities in Education Act ("IDEA") (Dkt. No. 23).

WHEREAS, on October 8, 2020, the parties cross-moved for reconsideration (Dkt. Nos. 25, 27), and on October 22, 2020, the parties filed their respective oppositions to the motions. (Dkt. Nos. 34, 35).

WHEREAS, Rule 49.1(d) of the Local Rules permits motions for reconsideration accompanied by a memorandum "setting forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." "A motion for reconsideration should be granted only when [a party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Impax Labs., Inc. v. Turing Pharm. AG*, No. 16 Civ. 3241, 2018 WL 4007641, at *3 (S.D.N.Y. Aug. 21, 2018). A motion for reconsideration is

"not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord In re Effecten-Spiegel AG*, No. 18 Misc. 93, 2018 WL 3812444, at *3 (S.D.N.Y. Aug. 10, 2018). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked," *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *McGucken v. Newsweek LLC*, No. 19 Civ. 9617, 2020 WL 6135733, at *1 (S.D.N.Y. Oct. 19, 2020) (quoting *Shrader*, 70 F.3d at 257).

WHEREAS, Plaintiffs again argue that the twenty students denied pendency funding in the PI Order are entitled to such funding under an "operative placement" theory. Specifically, Plaintiffs offer attorney assertions in a memorandum of law -- but no evidentiary support -- that a number of these students have attended iBRAIN for several years. Plaintiffs then argue that these students therefore have operative placements at iBRAIN for pendency purposes. Plaintiffs do not explain why these facts were not presented to the Court on the initial motion, but instead acknowledge this "deficiency in the record" and claim that these facts are undisputed. Plaintiffs' presentation of these claims does not warrant reconsideration, as a motion for reconsideration is not an avenue by which a party may present new evidence otherwise available at the time of its original motion. *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) ("Where the movant . . . merely offers substantially the same arguments he offered on the original motion or *attempts to advance new facts*, the motion for reconsideration must be denied" (emphasis added) (quoting *Shrader*, 70 F.3d at 257)).

WHEREAS, even if Plaintiffs had properly submitted this evidence, its inclusion would not "reasonably be expected to alter the conclusion reached by the court." *McGucken*, 2020 WL 6135733, at *1 (quoting *Shrader*, 70 F.3d at 257). That is because Plaintiffs do not: (1) provide any evidence showing that the last agreed-upon pendency placement for these twenty students was met by enrollment at iBRAIN; (2) dispute that these students had agreed-upon pendency services and funding at schools other than iBRAIN, or no pendency at all; or (3) dispute that these students were unilaterally placed at iBRAIN without Defendant's consent. As such, Plaintiffs' arguments are precluded by *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 529 (2d Cir. 2020) for the same reasons as given in the PI Order.

WHEREAS, Plaintiffs repeat their argument that *Ventura* is factually distinguishable, because the parents in that case enrolled their children at iBRAIN after Defendant provided pendency funding at a different school. This argument does not merit reconsideration because it merely rehashes an argument already rejected in the PI Order. Again, if Plaintiffs' issue is that no timely pendency determination has been made, resulting in no current, agreed-upon pendency placement for these students, then they can move to obtain such relief under the appropriate IDEA provisions. *See Ventura*, 959 F.3d at 532 ("[I]mplicit in the concept of 'educational placement' in the stay-put provision (*i.e.*, a pendency placement) is the idea that the parents and the school district must agree either expressly or as impliedly by law to a child's educational program."). Permitting Plaintiffs to select iBRAIN as the proper school and then claim pendency funding under the stay-put provision on that basis would create the very harm *Ventura* seeks to avoid: "effectively render[ing] the stay-put provision meaningless by denying any interest of a school district in resolving how the student's agreed-upon educational program must be provided and funded." *Id.* at 536.

3

Put differently, Plaintiffs take two steps. They (1) claim Defendant has not made timely pendency determinations for the current school year and (2) conclude that in the absence of a pendency *determination*, they are entitled to pendency *funding*, pursuant to the stay-put provision, where they choose. But the stay-put provision maintains the status quo by requiring a school district "to continue funding whatever educational placement was last *agreed upon* for the child until the relevant administrative and judicial proceedings are complete." *Id.* at 531 (quoting *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014)) (emphasis added). Accordingly, application of the stay-put provision to permit Plaintiffs' unilateral placement of the students at iBRAIN prior to a pendency determination for the current school year, and absent any showing that iBRAIN meets the requirements of any older pendency placements, would "turn the stay-put provision on its head, by effectively eliminating the school district's authority to determine how pendency services should be provided." *Id.* at 534.

Finally, Plaintiffs claim that they have requested an injunction requiring Defendant to issue pendency determinations for these twenty students by "filing a complaint that specifically alleges that '[t]o date, Defendant DOE has failed to offer any of the Students a pendency placement'" and then moving for a preliminary injunction and temporary restraining order "in furtherance of the Complaint." But the prayer for relief in Plaintiffs' complaint does not seek pendency determinations. Instead, the Complaint requests "an injunctive order requiring DOE to immediately fund each Student's tuition and related services." Plaintiffs' moving papers likewise seek an order requiring Defendant "to immediately implement pendency for Plaintiffs *through the funding* of the Students' tuition and related services."

WHEREAS, Plaintiffs present a new argument under *Ventura*. Plaintiffs cite a footnote from *Ventura* in which the Second Circuit noted that it did not purport to address the case "where

4

the school providing the child's pendency services is no longer available *and* the school district either refuses or fails to provide pendency services to the child," but that "under certain extraordinary circumstances" a parent might seek injunctive relief to "modify a student's placement" under the equitable authority of an IDEA provision separate from the stay-put provision.  *Id.* at 534 n.65 (citing *Wagner v. Bd. of Educ. of Montgomery Cty.*, 335 F.3d 297, 302–03 (4th Cir. 2003)).  That provision is 20 U.S.C. § 1415(i)(2), which permits a party to bring a civil action challenging a child's placement and permitting the district court to "grant such relief" as it "determines is appropriate."  Plaintiffs claim, for the first time, that the programs last agreed upon between parents and Defendant -- iHope and various District 75 schools -- are no longer available because they have "fundamentally changed their educational models without legal authority . . . making these schools unavailable to the Student-Plaintiffs as locations where they can receive educational programs that are consistent with their pendency baselines."

This argument is unpersuasive.  First, Plaintiffs' argument does not merit reconsideration because it was not raised in their original motion.  Second, even if this argument were timely made, Plaintiffs ignore that the supporting case cited by *Ventura* stated that, unlike the stay-put provision, an injunction under section 1415(i)(2) "is by no means automatic," but instead is governed by the traditional preliminary injunction standard -- which Plaintiffs do not discuss in support of this new argument.  *Wagner*, 335 F.3d at 302.  Third, most of the evidence Plaintiffs rely on in support of this new argument is likewise new, and thus inappropriate for consideration.  Plaintiffs submit, for the first time, an iHope reopening plan purporting to show how iHope no longer provides adequate services for special needs students.  Plaintiffs likewise cite for the first time an unauthenticated letter from concerned teachers regarding services to special-needs students during school reopenings during the COVID-19 pandemic, as well as various news

articles concerning educational changes at New York City schools in response to the pandemic. Plaintiffs do not claim this evidence was unavailable at the time of their original motion, so they may not use a motion for reconsideration to introduce it.  *See Mikol*, 554 F. Supp. 2d at 500 (quoting *Shrader*, 70 F.3d at 257).  Finally, the one piece of supporting evidence Plaintiffs previously cited -- a news article discussing issues reopening special needs schools in light of the pandemic -- was not made in support of the *Ventura* argument Plaintiffs now raise, but rather was cited in the original motion for Plaintiffs' claim that Defendant failed to establish pendency placements due to its "abject failure to adequately provide services to disabled students amidst this global pandemic generally."

WHEREAS, Defendant does not dispute that pendency was appropriate for the remaining thirteen students but claims in its motion for reconsideration that the Court overlooked Plaintiffs' failure to provide supporting documentation setting forth educational costs, as required by Defendant's policies for provision of pendency funding.

WHEREAS, subsequent to its motion for reconsideration, Defendant acknowledged that it possessed the necessary documentation for eleven of the thirteen students (Dkt. No. 29). Subsequent to the October 13, 2020, Order modifying the due dates for pendency funding for these eleven students (Dkt. No. 31), the parties met and conferred, and represented that Plaintiff has provided all required documentation for the remaining two students (Dkt. No. 33). Accordingly, it is hereby

**ORDERED** that for the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED,** and Defendant's motion for reconsideration is **DENIED** as moot.  The Clerk of Court is respectfully directed to close the docket entries at nos. 24, 26 and 29.

Dated:  November 2, 2020
         New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**