```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ARELIS ARAUJO et al.,                                        :
                                  Plaintiffs,                :    20 Civ. 7032 (LGS)
                                                             :
              -against-                                      :    ORDER
                                                             :
NEW YORK CITY DEPARTMENT OF                                  :
EDUCATION,                                                   :
                                  Defendant.                 :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on February 4, 2021, the parties appeared for a conference regarding Plaintiffs' requests (1) that Defendant be held in contempt; (2) for pendency funding for five students and (3) for outstanding pendency payments for thirteen other students who the parties agree should receive pendency funding.  The parties were directed to meet and confer in good faith, and the Court repeatedly counseled Plaintiffs that (1) a contempt motion was a poor vehicle for the relief they seek and (2) the Court would not supplant the administrative process by deciding in the first instance a student's educational placement giving rise to a right to pendency funding.  The parties have submitted letters describing outstanding issues, including with respect to the five students for whom Plaintiffs claim Defendants have outstanding obligations to provide pendency funding for the 2020-21 school year.

      WHEREAS, Plaintiffs again renew their request for a contempt order, stating without corroboration that Defendant has unduly delayed payments for students the parties agree are entitled to pendency funding.  Defendant represents that all payments are being processed in the ordinary course (albeit with some delays due to the ongoing COVID-19 pandemic), in accordance with Defendant's administrative processes and consistent with the manner in which payments are rendered to all students and all New York City schools.  Because it appears that Defendant is

making payments in the ordinary course, Plaintiffs' request for a contempt order is meritless.

WHEREAS, in lieu of a contempt order, Plaintiffs request an order directing (1) completion of agreed-upon pendency payments by a date certain or (2) a deposition of the director of Defendant's Implementation Unit, Ms. Sapna Kapoor, Esq.  In support of this request, Plaintiffs vaguely allege that "[t]ime and again," Defendant has failed to make timely payments, in that payments often post six to eight weeks after funds are released by Defendant.  Putting aside the short length of the complained-of delay and the wholly conclusory nature of Plaintiffs' allegations, Plaintiffs' claims are not specific to any students identified in this case or the Court's September 24, 2020, Opinion and Order directing agreed-upon pendency funding (Dkt. No. 23, the "Pendency Order").  Plaintiffs' requests for an order setting a date certain for pendency payments or requiring a deposition of Ms. Kapoor are meritless.

WHEREAS, Plaintiffs claim that Defendant improperly reduced S.J.D.'s tuition funding by 25%, in violation of the Pendency Order, which directed pendency funding for S.J.D. "in accordance with the (1) prior pendency orders, (2) federal court orders or (3) findings and decisions following a hearing on a due process complaint from a prior school year creating such pendency."  In making the reduction, Defendant relies on a successful appeal to the State Review Office ("SRO") of S.J.D.'s 2018-19 educational placement; the SRO's decision issued approximately one year before the Pendency Order and reduced S.J.D.'s tuition reimbursement by 25%.  Plaintiffs challenge the reduction relying on an order issued by the Impartial Hearing Officer ("IHO") assigned to S.J.D.'s current due process complaint.  That IHO concluded that funding should not have been reduced under the Pendency Order because an appeal of the SRO's decision is pending before the District Court, is not final and thus cannot constitute a "pendency-impacting determination."  The parties and the IHO did not cite any law addressing the operative

2

question on this issue -- whether the SRO's order must be final before Defendant may rely on it to reduce S.J.D.'s tuition reimbursement under the Pendency Order.

WHEREAS, proceedings before IHOs are underway for five students who were denied pendency funding in the Pendency Order:  M.B., A.D., L.S., A.N. and C.P.  Plaintiffs seek an order directing Defendant to arrive at a prompt resolution of those students' claims.  The Court discerns no reason for interfering with Defendant's ongoing administrative proceedings.

WHEREAS, with respect to the IHO proceedings for M.B. and A.D., Plaintiffs claim that Defendant has taken the position that the Pendency Order precludes Defendant from making any determination of educational placement -- and thus pendency funding -- for the 2020-21 school year under principles of collateral estoppel and *res judicata*.  In C.P.'s case, Plaintiffs claim that the SRO stated the Pendency Order precludes it from making a placement determination on the same grounds.  Plaintiffs request that (1) the IHOs for M.B. and A.D. be directed to make a determination from the evidence, independent of the Pendency Order, and (2) the SRO be directed to remand C.P.'s case to the IHO.  Interference in these administrative proceedings is unwarranted, particularly in light of the formal review process established by statute for IHO and SRO decisions.  Moreover, as already stated in the Pendency Order, pendency funding for these students under the "stay-put" provision of the Individuals With Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(j), was not merited because Plaintiffs had not shown that enrollment of these students was agreed upon between their parents and Defendant or permitted under the students' most recent educational placements.  The Pendency Order went on to state that if Plaintiffs' issue was that no timely pendency determination had been made by Defendant -- that is, if no placement existed for the 2020-21 school year giving rise to a right to pendency funding for that year, or if such determination had been made but Plaintiffs wished to challenge it -- then

Plaintiffs could "move to obtain such relief." As the Court clarified at the most recent conference, the term "relief" referred to the normal administrative processes used to determine or challenge each student's educational placement for the 2020-21 school year, using evidence of the type typically considered by the agency to evaluate each student's placement and resulting right to pendency funding. Such proceedings are underway for these five students. For the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' requests for a contempt order, a date certain by which pendency funding will be provided for the students for whom the parties agree such funding is due and a deposition of Ms. Kapoor are DENIED. It is further

**ORDERED** that Plaintiffs' request for an order directing Defendant to complete promptly IHO determinations is DENIED. It is further

**ORDERED** that Plaintiffs' request for an order directing the IHOs in M.B., A.D., L.S. and A.N.'s cases to conduct their hearings without reference to the Pendency Order is DENIED. Plaintiffs' request that the SRO be ordered to remand C.P.'s case for a second IHO hearing is DENIED. Defendant's attention is directed to the above discussion of the term "relief" in the Pendency Order. It is further

**ORDERED** that by **March 17, 2021**, Plaintiffs shall file a letter not to exceed three single-spaced pages explaining whether the currently-pending appeal of the SRO's decision reducing S.J.D.'s pendency funding mandates reduction of pendency funding to S.J.D. under the Pendency Order. By **March 25, 2021**, Defendant shall file a response not to exceed three single-spaced pages. The parties' letters shall identify applicable statutes and/or caselaw addressing the finality of the SRO's decision while it is on appeal.

Dated: March 10, 2021
New York, New York

4

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**