```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   ARELIS ARAUJO et al.,                                    :
                            Plaintiffs,                     :   20 Civ. 7032 (LGS)
                                                            :
                -against-                                   :   ORDER
                                                            :
   NEW YORK CITY DEPARTMENT OF                              :
   EDUCATION,                                               :
                            Defendant.                      :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Court's September 24, 2020, Opinion and Order (Dkt. No. 23, the "Pendency Order") directed pendency funding for S.J.D.'s education at the International Institute for the Brain ("iBRAIN") pursuant to the Individuals With Disabilities in Education Act's ("IDEA") stay-put provision, 20 U.S.C. § 1415(j).  The parties agree that S.J.D. is entitled to pendency funding for tuition, related services and transportation at iBRAIN but dispute whether a currently-pending appeal of the State Review Office's ("SRO") November 4, 2019, decision reducing S.J.D.'s allowable reimbursement under her Individualized Education Plan ("IEP") by 25 percent ("SRO Decision") mandates a corresponding reduction in pendency funding to S.J.D.

WHEREAS, on April 15, 2019, an Impartial Hearing Officer ("IHO") issued an order directing Defendant to provide funding for S.J.D. at iBRAIN pursuant to the IDEA's stay-put provision during the pendency of S.J.D.'s due process challenge to her IEP for the 2018-19 school year.  The parties appealed portions of that decision denying pendency services from July 10, 2018 through December 6, 2018.  On appeal, the SRO noted that Defendant did not "appeal [the] IHO['s] finding that iBRAIN became the student's pendency placement from December 6, 2018 *going forward*" (emphasis added).  The IHO's decision thus established iBRAIN as S.J.D.'s pendency placement.  *See Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 697 (S.D.N.Y.

2006) (citing *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 484 (2d Cir. 2002)) (holding that an unappealed IHO decision regarding pendency establishes such placement as a matter of law). The parties do not dispute that S.J.D.'s pendency funding under the IHO's order covered 100 percent of the costs of tuition, related services and transportation at iBRAIN.

WHEREAS, the IHO subsequently issued a decision in S.J.D.'s IEP challenge. Part of that decision addressed whether S.J.D.'s IEP authorized reimbursement for tuition, related services and transportation services at iBRAIN. The IHO applied the *Burlington/Carter* test, "which looks to (1) whether the school district's proposed plan will provide the child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 76 (2d Cir. 2014). The IHO concluded that Defendant's IEP did not provide S.J.D. with a free appropriate public education, that placement at iBRAIN was appropriate to S.J.D.'s needs and that the equities did not favor either side.

WHEREAS the parties cross-appealed the IHO's decision. The SRO affirmed as to the first two prongs but determined that equitable considerations warranted "a 25 percent reduction of the costs of the student's attendance at iBrain for the 2018-19 school year, including the costs of related services and transportation." The student's parent noticed an appeal of that reduction, and cross-motions for summary judgment on that issue are pending in this District. *See Donohue v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1942 (S.D.N.Y.).

WHEREAS, "[a] claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015) (internal quotation marks omitted). The Second Circuit has interpreted the stay-put provision "to require a

school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative *and judicial* proceedings are complete." *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020), *cert. denied*, No. 20-713, 2021 WL 78218 (U.S. Jan. 11, 2021), *reh'g denied sub nom. De Paulino v. NYC Dep't of Educ.*, No. 20-713, 2021 WL 850719 (U.S. Mar. 8, 2021) (emphasis added).

WHEREAS, judicial proceedings regarding the proper level of funding at iBRAIN pursuant to S.J.D.'s IEP are ongoing. In the interim, the stay-put provision requires Defendant "to maintain the status quo placement even if the child would otherwise have no right to it." *E. Lyme Bd. of Educ.*, 790 F.3d at 453. For that reason, Defendant must fund 100 percent of S.J.D.'s tuition, related services and transportation at iBRAIN.

In response, Defendant first claims that the SRO Decision changed S.J.D.'s pendency as a matter of law, regardless of the status of any appeal. This argument is unpersuasive because "[o]nce a pendency placement has been established, it can only be changed in one of four ways: (1) by an agreement of the parties; (2) by an *unappealed* decision of an IHO; (3) by a decision of a state review officer that *agrees with the child's parents*; or (4) by determination by a court on appeal from an SRO's decision." *Arlington Cent. Sch. Dist.*, 421 F. Supp. 2d at 697 (second emphasis added). None of these conditions are met: (1) the parties disagree as to pendency; (2) the IHO's decision establishing pendency from December 2018 onward was not appealed; (3) the SRO Decision disagreed with the parents' contention that 100 percent reimbursement was warranted and (4) no opinion has been rendered in the appeal of the SRO's Decision.

Second, Defendant claims that the SRO Decision must have been intended to establish S.J.D.'s right to pendency at the 75 percent level because, if pendency is funded at 100 percent, the parents' appeal of the SRO Decision would be mooted. This argument is unpersuasive. The

currently-pending appeal addresses the proper level of funding for S.J.D.'s education pursuant to her IEP; that is, the funding S.J.D. may receive after her right to funding pursuant to the stay-put provision is extinguished by a final decision in the due process challenge to her IEP. Permitting the non-final SRO Decision to alter S.J.D.'s pendency funding would run contrary to the well-established principle that Defendant is required to pay for a child's pendency placement "during the pendency of an IEP dispute, regardless of the merit of the child's IEP challenge or the outcome of the relevant proceedings." *Ventura*, 959 F.3d at 531 (citing *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160 (2d Cir. 2004)). Accordingly, it is hereby

   **ORDERED**, that pursuant to the Pendency Order, Defendant shall fund 100 percent of S.J.D.'s tuition, related services and transportation at iBRAIN.

Dated: April 1, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4