UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ARELIS ARAUJO, et al., :
                               Plaintiffs, :
   :
         -against- : 20 Civ. 7032 (LGS)
   :
   : <u>ORDER</u>
NEW YORK CITY DEPARTMENT OF :
EDUCATION, :
                          Defendant. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the August 9, 2023, Order granted in part and denied in part both parties' cross-motions for summary judgment. The Order instructed Plaintiffs to file a letter seeking payment of the portion of transportation expenses to which they are entitled, attaching supporting documentation;

WHEREAS, on September 15, 2023, Plaintiffs filed a letter seeking $7,500 for W.R.'s transportation costs to and from iBrain and W.R.'s home from May 15, 2022, through June 30, 2022. The letter included a declaration by Cynthia Ramos, W.R.'s mother, attesting that W.R. was transported to and from iBrain on four dates in May 2022, and six dates in June 2022. The letter also included a copy of the agreement with Sister's Travel and Transportation Services ("Sister's"), the transportation provider, showing that each trip cost $375, or $750 round-trip. The total cost for W.R.'s transportation for the ten days in May and June 2022 is $7,500. On September 22, 2023, Defendant filed a letter opposing the reimbursement on the grounds that (1) the dates of W.R.'s transportation as stated in the Ramos declaration were not based on sufficient evidence and (2) the rate charged by Sister's was not reasonable, and that any reimbursement should be awarded at the lower of either the Medicaid rate or a fair market rate;

WHEREAS, the March 5, 2024, Order determined that the Ramos declaration alone was insufficient to support the award of transportation costs. The Order instructed that Plaintiffs could file an additional declaration "explaining in detail how [Ramos] determined the dates put forth in the September 15, 2023, declaration, and providing any other supporting documentation, including attendance records maintained by iBrain, that may enhance the credibility of her claims;"

WHEREAS, on March 12, 2024, Plaintiff filed an additional declaration and exhibits. Those exhibits include W.R.'s iBrain attendance record for the 2021-22 school year, copies of W.R.'s Occupational Therapy Session and Speech-Language Therapy Notes showing that W.R. attended iBrain in-person on the May and June 2022 dates attested to in the original declaration. While Plaintiffs have been unable to obtain records from Sister's, the records provided are persuasive evidence of W.R.'s transportation by Sister's on the dates in question;

WHEREAS, IHOs have previously found transportation costs approximating the $375 rate to be reasonable. *See, e.g.*, Rivas v. Banks, No. 22 Civ. 10007, 2023 WL 8188069, at *2 (S.D.N.Y. Nov. 27, 2023) (explaining that IHO authorized transportation costs of $355 per trip). This is a reasonable market rate. It is hereby

**ORDERED** that Plaintiffs' request for an award of transportation costs is GRANTED. Defendant shall process payment in the amount of $7,500 to Plaintiffs by **March 29, 2024**.

The Clerk of Court is respectfully directed to terminate this case.

Dated: March 13, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**