UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARELIS ARAUJO, et al., :
                        Plaintiffs, :
:
           -against- : 20 Civ. 7032 (LGS)
:
: ORDER
NEW YORK CITY DEPARTMENT OF :
EDUCATION, :
                      Defendant. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the March 13, 2024, Order granted Plaintiffs' request for an award of transportation costs in the amount of $7,500. On March 14, 2024, Defendant moved for reconsideration;

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL

1078436, at *2 (S.D.N.Y Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); accord Suarez, 2022 WL 1078436, at *2.

WHEREAS, the FOFD awarded transportation reimbursement for the 2021-22 school year at the lower of either "(a) the Medicaid rate, or (b) a fair market rate as demonstrated to the district's Implementation Unit."  The March 12, 2024, Order overlooked this directive.  Accordingly, the applicable rate for reimbursement for W.R.'s transportation is the Medicaid rate of $21.69 per trip.  For the twenty trips for which Plaintiffs seek reimbursement, the total awarded is $433.80.

WHEREAS, Defendant's argument that the Ramos declaration is not based on personal knowledge is unavailing on a motion for reconsideration.  Defendant already raised this argument in its September 22, 2023, letter motion when it said, "Nowhere in the declaration does Ramos state that the information contained therein was based upon her personal knowledge or upon any documentary evidence."  But Plaintiff's declaration submitted on March 12, 2024, is based on documentary evidence, submitted as exhibits.  The Court declines to reconsider its judgment that this was a sufficient evidentiary basis for determining the days that W.R. relied on transportation services.  It is hereby

**ORDERED** that Defendant's motion for reconsideration is GRANTED in part and DENIED in part.  Defendant shall process payment in the amount of $433.80 to Plaintiffs by **March 29, 2024**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 146.

Dated: March 18, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE