UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                      :

ARELIS ARAUJO, et al.,                 :

                     Plaintiffs, :

                                      :                 20 Civ. 7032 (LGS)

                 -against-               :

                                        :         **OPINION AND ORDER**

NEW YORK CITY DEPARTMENT OF       :
EDUCATION,

                     Defendant. :

                                        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Cynthia Ramos ("Plaintiff") brings the instant motion for reconsideration of the March 18, 2024, Order. Plaintiff asserts principally that the Medicaid reimbursement rate applied by the Court is outdated and inapplicable. Plaintiff's motion is denied for the reasons below.

A. **Background**

In July 2021, Plaintiff filed a due process complaint on behalf of her daughter, W.R., for the 2021-22 extended school year. As a result, she was entitled to pendency at iBRAIN, a special education school, including transportation.

In July 2021, Plaintiff entered into a contract for specialized transportation services for her daughter to be transported to and from iBRAIN during the 2021-22 extended school year.

On May 15, 2022, the due process complaint was resolved through the issuance of a Findings of Fact and Decision ("FOFD"), which neither party appealed. The FOFD ordered that the district fund the costs of transportation of the student during the 2021-2022 school year "at the lower of either (a) the Medicaid rate, or (b) a fair market rate as demonstrated to the district's Implementation Unit, based on comparable transportation, utilizing a comparable vehicle with comparable accommodations."

On August 9, 2023, the Court addressed the parties' cross-motions for summary judgment, awarded Plaintiff payment for transportation on days that W.R. was transported to and from iBRAIN and ordered further submissions to effectuate the award.

On September 15, 2023, Plaintiff filed evidence that W.R. was present in school for ten days during the relevant period, and sought the actual cost of transportation of $375 per trip or $7,500 for ten round-trips.  Defendant responded, arguing (1) that Plaintiff had not established the days for which she is entitled to reimbursement and (2) should the Court accept Plaintiff's evidence, that the proper rate is $21.69 per trip, based on the 2018 Preschool/School Supportive Health Services Program (the "SSHSP") handbook, for a total of $433.80.  A March 13, 2024, Order awarded Plaintiff transportation costs in the amount of $7,500, representing Plaintiff's actual costs at a "reasonable market rate" of $375 per trip for twenty trips, and directed the Clerk of Court to close the case.

On March 14, 2024, Defendant moved for reconsideration.  On March 18, 2024, the Court granted the motion and reduced the award to comply with the FOFD's directive to award transportation costs at the *lower of* the Medicaid rate or a fair market rate.  The revised award of $433.80 was based on a Medicaid rate of $21.69 per trip, based on the 2018 SSHSP Medicaid handbook proffered by Defendant.  Plaintiff's request to respond to the motion was denied as moot.

On April 15, 2024, Plaintiff filed the instant motion seeking reconsideration of the March 18, 2024, Order, arguing that the Medicaid rates proffered by Defendant and applied by the Court were outdated and inapplicable and that the prior award of $7,500 should be reinstated.

On May 2, 2024, Defendant filed its opposition to the reconsideration motion, arguing that the motion is untimely, that Plaintiff is attempting to relitigate an issue she should have

addressed previously and that the rate used in the March 18, 2024, Order was the correct rate.

**Timeliness**

Plaintiff brings her motion under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. A motion for reconsideration is timely under the Court's Local Rules if filed within fourteen days of the Court's order, unless otherwise provided by the Court, statute, or rule. Local R. 6.3. Rule 59(e) requires a motion to alter or amend a judgment to be filed no later than twenty-eight days after entry of judgment. A motion for relief from an order or judgment must be made within a reasonable time and no later than a year after the entry of the order or judgment from which relief is sought. Fed. R. Civ. P. 60(c)(1).

Plaintiff filed her motion twenty-eight days after the issuance of the challenged order, which resolved the only remaining issue in the case, and which directed that the case be closed. Under these circumstances, the motion is considered timely under either Rule 59(e) or Rule 60. *See Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 221–22 (2d Cir. 2017) (holding that when a party moves under Rule 59(e) for correction of an altered judgment, timeliness "is determined from the date of the amended judgment . . . if the motion bears some relationship to the district court's alteration of the first judgment"); *Mandala v. NTT Data, Inc*., 88 F.4th 353, 358 (2d Cir. 2023) ("[A] 60(b)(1) motion to vacate must be filed within one year of entry of the judgment[.]").

### B. **Standard of Review**

"Under Rule 59(e), district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *4 Pillar Dynasty LLC v. New York & Co., Inc*., 933 F.3d 202,

216 (2d Cir. 2019).  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17 Civ. 8457, 2024 WL 1208778, at *1 (S.D.N.Y. Mar. 21, 2024).  In deciding a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Banister v. Davis*, 590 U.S. 504, 508 (2020).

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010);[1] *accord Vasquez v. Fredericks*, No. 15 Civ. 9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021).  A party seeking relief from an order under Rule 60(b) "must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship would be imposed on other parties."  *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 39 (2d Cir. 2020) (summary order); *accord Thompson v. Booth*, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022).

## C.  **The Relevant Medicaid Rate**

The correct source of the Medicaid rate is the 2018 SSHSP Medicaid handbook, which is the source for Medicaid rates for education-related special transportation of students with disabilities in effect at the time of W.R.'s transportation.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Plaintiff argues that the Court committed clear error by applying the rate from the 2018 SSHSP Medicaid handbook, which she argues is outdated and inapplicable.  Plaintiff asserts that the correct Medicaid rate should be taken from the 2023 eMEDNY Medicaid Transportation Policy Manual ("2023 eMEDNY manual"), which states that "the transportation broker is responsible for negotiating reimbursement directly with network transportation providers" and that these "negotiated rates will supersede the current fee schedule."  N.Y. Dep't of Health, Medicaid Transportation Policy Manual 26 (2023), https://www.emedny.org/providermanuals/transportation/pdfs/transportation_manual_policy_section.pdf.  Plaintiff concludes from this that there is no set Medicaid rate and that the Court should apply the prevailing market rate.

The rates described in the 2023 eMEDNY manual apply to transportation related to medical appointments and services, and not to education-related transportation.  The 2023 eMEDNY manual states that the program covers emergency medical transportation "provided by ambulance providers" and non-emergency medical transportation "for [Medicaid] enrollees who need to get to and from medical services but have no means of transportation."  *Id*. at 9. Likewise, the manual states that "[p]ayments for transportation services are limited to the provision of Medicaid enrollee passenger-occupied transportation to or from Medicaid-covered services."  *Id*. at 11.  Reimbursement is available to transportation providers "for transportation furnished to eligible Medicaid enrollees when necessary to obtain medical care covered by the Medicaid program."  *Id*.  By its terms, the 2023 eMEDNY manual applies generally to Medicaid reimbursement of transportation to medical services, but is silent about transportation for students with disabilities.

In contrast, the 2018 SSHSP handbook states that the handbook's purpose is to "provide information and guidance to those who coordinate and deliver related services and/or other special education programs and services to children with disabilities in the school districts and counties who participate in the New York State Medicaid Program."  N.Y. Dep't of Health State Educ. Dep't, Preschool/School Supportive Health Services Program (SSHSP) Medicaid-in-Education: Medicaid Provider Policy and Billing Handbook 3 (2018), https://www.oms.nysed.gov/medicaid/handbook/sshsp_handbook_9_march_21_2018_final.pdf [https://perma.cc/4F6N-QPFD].  The 2018 SSHSP handbook also states that SSHSP Medicaid Reimbursable Services include "Special Transportation," *id*. at 6, and includes a detailed description of the requirements for special transportation to be reimbursed, *id*. at 50.  The applicable Medicaid rate is therefore determined by the SSHSP handbook, which addresses reimbursement of education-related transportation for students with disabilities, and not the eMEDNY manual, which generally addresses reimbursement for transportation to medical services.

One remaining question is whether the 2018 handbook offered by Defendant is the source of the rates in effect during the 2021-2022 period of the transportation.  Neither party has definitively stated whether the 2018 handbook was in effect at the time, but the Court takes judicial notice of the fact that the 2018 handbook is the version of the handbook still currently linked on the SSHSP website.  *See* N.Y. Educ. Dep't, *Provider Policy and Billing Handbook: School Supportive Health Services Program Preschool Supportive Health Services Program*, https://www.oms.nysed.gov/medicaid/handbook/ (last updated Mar. 29, 2018); *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (summary order) ("The district court may take judicial notice of documents where the documents can be accurately and readily determined from sources

6

whose accuracy cannot reasonably be questioned."); *accord Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020) (noting courts may take judicial notice of a website where the website's authenticity is not disputed).  The 2018 SSHSP handbook apparently still is in effect, and Plaintiff has submitted no evidence suggesting otherwise.  It is reasonable to infer that the 2018 SSHSP handbook rates were in effect from 2018 to the present, including during the 2021-2022 extended school year.

Because the 2018 SSHSP handbook rates were correctly applied, Plaintiff has not met her burden under Rule 59(e) of demonstrating a clear error of law in the March 18, 2024, Order.  *See 4 Pillar Dynasty LLC*, 933 F.3d at 216.  Nor has Plaintiff raised highly convincing evidence or shown exceptional circumstances that warrant relief from the Order under Rule 60(b)(1).  *See Ins. Co. of N. Am.*, 609 F.3d at 131; *Axar Master Fund, Ltd.*, 806 F. App'x at 39–40.

Plaintiff also argued that there have been numerous state review officer decisions rejecting Medicaid reimbursement rates as evidence of a less expensive alternative, because those rates were not shown to be actually available.  Plaintiff similarly argues that the impartial hearing officer ("IHO") erred in requiring the lower of the Medicaid rate or the fair market rate.  However, both arguments seek to challenge the merits of the IHO's FOFD, which is impermissible given Plaintiff's lack of exhaustion.  20 U.S.C. §1415(i)(2) (only one "who does not have the right to an appeal" or who has received an adverse decision on appeal can bring a civil action under that subsection); *see also J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court."); *accord L.B. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 6626, 2023 WL 1779550, at *5 (S.D.N.Y. Feb. 6, 2023).  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 152.

Dated:  June 10, 2024
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE